David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| David Leoni, | : Civil Action No.: |
| Plaintiff, | : **COMPLAINT FOR DAMAGES** |
| v. | : **PURSUANT TO THE FAIR CREDIT** |
| | : **REPORTING ACT, 15 U.S.C. § 1681, ET** |
| Experian Information Solutions, Inc. and Military Star, | : **SEQ.** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

**JURISDICTION AND VENUE**

1.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

1

2. This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

4. Plaintiff David Leoni ("Plaintiff") is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Military Star is a corporation doing business in the State of Nevada.

6. Defendant Military Star is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

7. Defendant Experian Information Solutions, Inc. ("Experian") regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

8. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## INTRODUCTION

9. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

10. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

11. Plaintiff brings this action to challenge the actions of Military Star and Experian (or

jointly as "Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

12. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## GENERAL ALLEGATIONS

13. On or about 3/22/2011, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 *et seq*. Plaintiff's case was assigned Case Number 11-13991-abl (the "Chapter 13" or "Bankruptcy").

14. The obligation ("Debt") to Military Star was scheduled in the Bankruptcy and Military Star received notice of the Bankruptcy.

15. On 5/13/2016, the Plaintiff's Chapter 13 Plan was confirmed (the "Confirmed Chapter 13 Plan" or "Confirmation Order").

16. A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. The claim is a right to payment arising from the confirmed plan.[1]

17. Plaintiff ultimately met all of his obligations under the terms of the Confirmed Chapter 13 plan.

18. Accordingly, the debt to Military Star was discharged on 8/1/2016.

19. However, Military Star either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

---

[1] *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 379 B.R. 643, 649, 2007 Bankr. LEXIS 2655, *1 (Bankr. S.D. Tex. 2007).

20. Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each applicable Defendant continued reporting information based on each respective Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

21. The adverse information reported by applicable Defendants was based on Military Star's improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with the payment structure set forth in the Plaintiff's Chapter 13 Plan. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate, since all the Plaintiff's pre-bankruptcy creditors (whether eventually discharged or not) were subject to repayment pursuant to the Chapter 13 plan terms while the Bankruptcy was pending.

22. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

23. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA. Courts rely on such guidance to determine furnisher liability.[2]

24. Experian's representatives have declared that "Experian's policy for the reporting of data follows the guidelines of the Credit Reporting Resource Guide ("Guide"), published by

---

[2] *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

the Consumer Data Industry Association ("CDIA"), including the reporting of accounts included in bankruptcy."[3]

25. On information and belief, Defendants herein adopted and at all times relevant implemented the Metro 2 format.

26. On information and belief, Military Star adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of its duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

27. Despite Metro 2 Format's instructions, Military Star failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy.

28. In turn, Experian rereported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

29. To this end, the adverse reporting on the Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

30. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data.[4]

31. Additionally, reporting and rereporting inaccurate and/or misleading statements also violates 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and rereported has the tendency to confuse ordinary consumers like Plaintiff.

---

[3] *See Dixon v. Experian Information Solutions, Inc.*, No. 13-cv-227-PPS-PRC, 2014 WL 2881589, at *5 (N.D. Ind. June 25, 2014); *Dixon*, ECF Dkt. 42-2, Declaration of Kimberly Hughes, at ¶ 17.
[4] *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

## MILITARY STAR AND EXPERIAN MISREPORTED CREDIT INFORMATION

### RE: Account No. 5743

32. In an Experian credit report dated 8/31/2016 ("Experian Report"), Military Star inaccurately reported certain information, including, *inter alia*, that Experian was inaccurately reporting a balance of $5,932, which was inaccurate as Plaintiff owed nothing by consequence of his Chapter 13 bankruptcy discharge.

33. On or about 10/20/2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Military Star's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Military Star.

34. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting that inaccurate and incorrect derogatory information be removed, corrected or deleted.

35. Upon information and belief, upon receiving the Experian Dispute Letter, Experian timely notified Military Star of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

36. Defendant Military Star was required to conduct an investigation into these specific accounts pursuant to 15 U.S.C. § 1681s-2(b), and Defendant Experian was required to conduct a reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

37. On or about 11/24/2016, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4180-2845-71) ("Experian Reinvestigation") that Military Star and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated".

38. Based on the information contained therein, the Experian Reinvestigation also constituted a consumer "disclosure" for purposes of 15 U.S.C. § 1681g.

39. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 13 bankruptcy and ultimately met all of his Chapter 13 Bankruptcy obligations, since Plaintiff obtained a discharge.

40. Military Star and Experian failed to conduct a reasonable investigation and reinvestigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and 1681i, and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

41. On information and belief, Military Star and Experian failed to review all relevant information Plaintiff provided in his Experian dispute, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681i.

42. Due to Military Star and Experian's failure to reasonably investigate and reinvestigate Plaintiff's dispute, they caused continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C), 1681e(b), and 1681i(a), respectively.

43. Specifically, while Military Star and Experian removed "recent balance" and other disputed information, they now reported that Plaintiff's account had been "included" in Chapter 13 bankruptcy on November 8/1/2016, when the Plaintiff filed his bankruptcy on 3/22/2011, and received his discharge on 8/1/2016.

44. This newly added bankruptcy "inclusion" dates was erroneous because it had the tendency to suggest that the account was "included" in the bankruptcy on a date after the bankruptcy was filed, suggesting that Plaintiff had filed yet another bankruptcy and included this account in it, or that Plaintiff's Chapter 13 Bankruptcy had been reopened and this account included herein at a later date.

45. The bankruptcy inclusion date was also materially misleading and confusing, because it contradicted with the accurate reporting elsewhere. For example, other accounts on Plaintiff's reinvestigation report, such as a Chase Card account, a Wells Fargo account, and a Wells Fargo Bank NV NA account, and a WF Crd Svc account ("Correctly Reporting Accounts"), all properly reported the debt as being "included in Chapter 13 Bankruptcy on Mar. 22, 2011."

46. Thus, the 11/8/2016 date was not only inaccurate, but also internally inconsistent with the date reported on the Correctly Reporting Accounts.

47. On information and belief, Experian, upon receipt of Military Star's investigation, blindly relied on the erroneous information contained in Military Star's investigation, without adequately checking the response data to view how applying the data would render the reporting on Plaintiff's consumer report.

48. In blindly relying on the data Military Star provided, Experian failed to follow reasonable procedures designed to ensure the maximum possible accuracy of information in Plaintiff's consumer report. 15 U.S.C. § 1681e(b).

49. Reporting and rereporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and rereported has the tendency to confuse ordinary consumers like Plaintiff.

50. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Military Star and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), 1681i(a) and 1681e(b), respectively.

51. On information and belief, Plaintiff's continued efforts to correct Military Star and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Military Star and Experian would have been unsatisfactory.

52. As a result of Military Star and Experian's continued inaccurate and negative reporting, Plaintiff has also suffered actual damages, including without limitation out-of-pocket expenses in considering and challenging the Defendants' wrongful representations, including transportation costs, costs of mailing, and lost time. Plaintiff has also been placed in fear of credit denials, as Plaintiff wishes to purchase a car but has not done so because he is in fear of being denied. Finally, Plaintiff has suffered frustration in connection with his adverse reporting, and has been unable to sleep well.

53. Military Star and Experian's continued inaccurate and negative reporting of the discharged debt in light of their knowledge of the actual errors was willful. Plaintiff is, accordingly, eligible for statutory damages.

54. Plaintiff has been required to retain counsel to prosecute this action based on Military Star and Experian's defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

57. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

58. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

//
//

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 18, 2017

    Respectfully submitted,

    <u>/s/ David H. Krieger, Esq.</u>
    David H. Krieger, Esq.
    HAINES & KRIEGER, LLC
    8985 S. Eastern Ave., Suite 350
    Henderson, NV 89123

    Matthew I. Knepper, Esq.
    Miles N. Clark, Esq.
    KNEPPER & CLARK LLC
    10040 W. Cheyenne Ave., Suite 170-109
    Las Vegas, NV 89129

    Attorneys for Plaintiff