David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DAVID LEONI,

                Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,

                Defendant.

Case No.: ~~2:17-cv-01486-APG-PAL~~ **2:17-cv-01408-RFB-VCF**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff David Leoni moves for leave to file a first supplemental complaint to set out a new claim, both on behalf of himself and on behalf of a class of similarly situated individuals under Section 1681g and Section 1681e(b) of the Fair Credit Reporting Act ("FCRA").[1] This Motion is supported by the following

---

[1] *See* Proposed Amended Complaint, **Exhibit A**. If this motion to supplement is granted, David will seek class certification at an appropriate time. In the event the motion is granted, David would request a reasonable time – he proposes 180 days – to conduct class discovery.

- 1 -

Memorandum of Points and Authorities, the pleadings and other filings in this case, and the proposed new complaint and its attachments, both of which are appended to this Motion.

## INTRODUCTION

David's Experian credit report contains an inaccuracy so obvious, it's hard to see how it could ever happen – let alone systemically. Specifically, David filed Chapter 13 bankruptcy in March 2011, and obtained a discharge in August 2016. Experian already knew this, because its public records vendor, Lexis Nexis, provides Experian with certain bankruptcy information, including the date of petition and discharge. Experian reports this information public records section of its disclosures to consumers, including David's. Yet, Experian included in the "account history" section of David's Military Star tradeline that the debt was "included in Chapter 13 bankruptcy" on November 6, 2016 – which was *after* both David's petition and discharge dates. This notation was fundamentally misleading and confusing – not only when compared to the dates Experian reported about David's petition and discharge date, but further when compared to other dates on his credit report.

But far more astonishing than Experian's inclusion of this patently incorrect information is the fact that similarly erroneous notations appear on the majority of the Experian credit reports that David's counsel has seen in litigation. How does this happen? Why does it happen so frequently? These are the types of questions that have no reasonable answer, and is why David seeks leave to amend his complaint to add class claims against Experian for making fundamentally misleading and confusing disclosures under 15 U.S.C. § 1681g of the FCRA, as well as in failing to follow reasonable procedures to ensure the maximum possible accuracy of reported information, in violation of 15 U.S.C. § 1681e(b).

David's motion meets the Ninth Circuit's liberal standard for permitting leave to amend. First, there's no undue delay in bringing amendment; he's brought it less than a month after receiving Experian's internal document production giving rise to the claim, and well in advance of either Experian's 30(b)(6) deposition (scheduled for September 15), the leave-to-amend

deadline (November 6, 2017) and the discovery deadline (December 11, 2017).[2] Second, he's bringing this amendment in good faith; he waited until he received Experian's confidential production, so he could confirm that the mistake wasn't somehow solely attributable to the actions of co-Defendant Military Star and gain a complete understanding of the extent of the problem. David's class theory isn't futile because Experian's reporting of his debt as "included" in Chapter 13 Bankruptcy is either patently inaccurate or materially misleading and in providing him this disclosure Experian failed to make its Section 1681g disclosure in a manner which was either clear or accurate. This is also the first time David has sought leave to amend his complaint.

## BACKGROUND

In 2011, David sought Chapter 13 bankruptcy protection.[3] After publicly disclosing his debts, establishing a payment plan schedule, and making payments over about six years, David earned his bankruptcy discharge in April 2016 – and with it, an expectation that he'd be given a "fresh start" permitting him to repair and rebuild his credit.[4] In August of 2016, he procured his Experian credit report, which listed a Tradeline from Military Star as "Filed Chapter 13 Bankruptcy on Mar 31, 2011."[5] After disputing claimed inaccuracies on his credit report, Experian returned a Report of Reinvestigation which stated – inexplicably – that David's account had been "included in Chapter 13 Bankruptcy" in November 2016 – *after* his Chapter 13 petition and discharge dates.[6]

---

[2] ECF Dkt. 11. The parties stipulated to extend the leave-to-amend deadline in this case on August 3, 2017; this was part of a global agreement between Experian's Nevada counsel and David's counsel to extend the relevant deadlines to facilitate Experian's unavailability to sit for its 30(b)(6) deposition on the dates noticed. Since Experian had not yet produced its discovery responses in David's case at the time stipulation became necessary, David did not appreciate how the facts would change. Had he known what discovery would reveal, the parties' stipulation would likely have looked much different than it did.

[3] Proposed Amended Complaint, at ¶ 11.

[4] *See id.* at ¶¶ 11-16.

[5] *See id.* at ¶ 30.

[6] *See id.* at ¶¶ 35-44. Things got more confusing when Experian made its document production in this case in August. Experian provided two copies of David's August 31, 2016 credit report: an online version of the report, which David pulled and sent with his dispute letter;

Experian has routinely declared that it obtains public record information, including information related to consumer bankruptcies, from a third party vendor, Lexis.[7] Experian obtains from Lexis "both the type of bankruptcy the consumer filed as well as the major events in a consumer's bankruptcy proceeding (e.g. filed, dismissed, discharged)."[8]

Experian, as a consumer reporting agency,[9] provides consumer disclosures pursuant to its obligations under 15 U.S.C. § 1681g(a). Experian uses particular terminology for its consumer disclosures. For example, Experian views the term "consumer disclosure" to mean "the credit information that Experian has for a consumer that Experian provides to the consumer so they can review it."[10] To Experian, the term "consumer disclosure" means the same thing as "consumer disclosure initial" or "CDI."[11]

Many, if not most, of the reinvestigation reports Experian generates at the end of its Section 1681i consumer-dispute process[12] also qualify as consumer disclosures. Experian's code-word for reinvestigation reports is "consumer disclosure final," or "CDF."[13] Experian produces two types of

---

and a separate version, which David had never seen. Both documents had a "Report Number" of 4180-2845-71. However, the reporting on David's Military Star account wasn't consistent. Among other things, the "online" version of the credit report indicated that the account was reporting as "ok" from August 2008 to February 2011. However, David's new Experian credit report indicated that the account had been "closed" during that time, and included an additional month of reporting: until March 2011. There is no explanation at all for the fact that these two versions *of the same report* dated for the *same day* contained completely different information.

[7] *See, e.g.*, *Hannon v. Northeast Credit & Collections*, No. 16-cv-1814-APG-VCF ("*Hannon*"), ECF Dkt. 65 (D. Nev. May 15, 2017), Declaration of Anna Simmons in Support of Experian's Motion for Summary Judgment ("Simmons Hannon Declaration").

[8] Simmons Hannon Declaration, at ¶¶ 21-22.

[9] 15 U.S.C. §§ 1681a(f), (p).

[10] *See Travers v. Allied Collection Services, Inc.*, No. 16-cv-1848-RFB-PAL, ECF Dkt. 84 at ¶ 8 (D. Nev. July 3, 2017) ("Travers MSJ") (internal citations omitted).

[11] *See id.* (internal citations omitted).

[12] The FCRA requires Experian to conduct a reasonable reinvestigation of a consumer's dispute. 15 U.S.C. § 1681i. After completing its reinvestigation, it must provide to the consumer "*a consumer report* that is based upon the consumer's file as that file is revised as a result of the reinvestigation." 15 U.S.C. § 1681i(a)(6)(B)(ii) (emphasis added). "Consumer report" is a defined term in the FCRA. 15 U.S.C. § 1681a(d)(1). The Ninth Circuit has acknowledged that the term "consumer report" is broad. *Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081, 1094 (9th Cir. 2006), *rev'd on other grounds*, 551 U.S. 47 (2007).

[13] Travers MSJ, at ¶ 9 (internal citations omitted).

CDFs: "full" and "abbreviated."[14]   A CDF "abbreviated" contains only some of the information contained on a CDI, generally those tradelines that are the subject of the consumer's dispute.[15]   A "full" CDF contains all of the information on a CDI, as well as a "dispute results" section which summarizes the results of reinvestigation.[16]   Thus, a "CDF full" is effectively a "consumer disclosure," and in those cases where Experian sends a "CDF full" at the end of its reinvestigation of a consumer dispute, it is making a "consumer disclosure" for purposes of 15 U.S.C. § 1681g(a). Experian has stated elsewhere that "in copies of consumer disclosures Experian provides to individual consumers," it provides certain information because "the FCRA requires Experian to provide consumers 'all information in the consumers file . . . .'"[17]   Experian's internal production, which Experian produced to David in August 2017, confirms that David's August 2016 disclosure was a "CDI," and his October 2016 reinvestigation was a "CDF Full."  Thus, both were disclosures under Section 1681g.[18]   The distinctions between the types of documents Experian sends to each consumer at any given time can be derived from review of Experian's internal documents.[19]

David now seeks to amend his complaint in several respects.  First, David seeks to amend his complaint to further illustrate his Section 1681e(b) and 1681g cause of action, and allege it on behalf of a class of similarly situated individuals, to assert that the bankruptcy "inclusion" dates are fundamentally misleading.  The scope of the problem, when conjoined with the fact that Experian has an alternative source of information for the records in question (i.e., its public records vendor) demonstrates that Experian's reporting of post-discharge "inclusion" dates is reckless, and by extension, willful.[20]

---

[14] *Id.* (internal citations omitted).

[15] *Id.* (internal citations omitted).

[16] *Id.* (internal citations omitted).

[17] *See Goodman v. M&T Bank, N.A.*, No. 16-cv-1799-APG-CWH, ECF Dkt. 45, at 15 (D. Nev. May 19, 2017) (internal citations omitted).

[18] *See* Methvin Declaration, *Cardinali*.

[19] *See* Travers MSJ, at ¶ 11 (internal citations omitted); *See also Collier v. Experian*, No. 17-cv-1486-APG-PAL, ECF Dkt. 22, at 5-7 (D. Nev. Sept. 1, 2017).  An undredacted version of the *Collier* Motion, as well as its supporting exhibits, has been filed under seal.

[20] *See* Proposed Amended Complaint, at ¶¶ 49-63.  David has also made several minor typographical corrections to the language of the original Complaint.

David's brought his motion well within the deadline for leave to amend, early in discovery, and was cemented based on discovery he received only about a month ago. This is the first time David's sought leave to amend his complaint.

## DISCUSSION

Rule 15(a) governs amendment of a complaint. Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."[21] Courts apply this policy with "extreme liberality."[22] While leave to amend a complaint is not automatic,[23] the Court should deny a motion for leave to amend only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—considerations commonly referred to as the *Foman* factors.[24] Additionally, courts often consider whether the plaintiff has previously amended the complaint.[25] Not all of these factors are equally important, however.

The Ninth Circuit has highlighted prejudice as the "touchstone" of the Rule 15(a) analysis, and this factor therefore receives the greatest weight.[26] Trial courts in this district have remarked that, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[27] And as one court in this district put it, "[a]ny of the first four factors can serve as a basis for denying leave to amend, but the analysis focuses on the bad faith of the party seeking to amend the complaint, as well as the prejudice to the other party."[28] Other District of Nevada courts indicate that the party opposing amendment bears the burden to show why amendment should be denied.[29]

---

[21] Fed. R. Civ. Proc. 15(a)(2); *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

[22] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quotation marks omitted).

[23] *LT Intern. Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1250 (D. Nev. 2014).

[24] *Foman*, 371 U.S. at 182; *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011).

[25] *See Davidson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

[26] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[27] *Id.* (emphasis in original).

[28] *LT Intern., Ltd.*, 8 F. Supp. 3d at 1250 (internal citations omitted).

[29] *Lampley v. Smith's Food & Drug Centers, Inc.*, No. 15-cv-1289-RFB-NJK, 2016 WL 5219640, at *2 (D. Nev. July 19, 2016) (citations omitted) (report and recommendation).

**A. David did not unduly delay bringing this proposed amendment.**

While the undue-delay analysis does not end with the binary determination that scheduling order deadlines are satisfied, if ample time remains to conduct discovery, "a strong presumption against finding undue delay applies."[30] The Court also considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading,"[31] and takes into account whether the delay between acquisition of new information and the filing of a proposed amended complaint was "unreasonable." Intervals of approximately one month between the acquisition of new information and the filing of a proposed amended complaint have been found reasonable.[32]

In this case, David's brought little over a month after receiving Experian's internal document production, and well in advance of either Experian's 30(b)(6) deposition (scheduled for September 15), the leave-to-amend deadline (November 6, 2017) and the discovery deadline (December 11, 2017). While David could have conceivably brought his claims at the outset of the case, he waited until he had at least Experian's initial production in the case in order to absolutely rule out the possibility of other factors. In any event, because David is still well within all applicable dates laid out in the Court's scheduling order, he did not unduly delay amendment.

**B. Experian will suffer no prejudice from amendment, as discovery is scheduled to close in several months and Experian has not even sat for its deposition; for the same reasons, David has not acted in bad faith by bringing these proposed amendments now.**

David's proposed amendment won't prejudice Experian. More than three months remain in the discovery period, and neither party has sat for their deposition. To the degree that the proposed amendment requires an extension of the discovery period, David is amendable to a

---

[30] *Wilson v. Greater Las Vegas Ass'n of Realtors*, No. 2:14-cv-362-APG-NJK, 2015 WL 5310716, at *3 (D. Nev. Sept. 10, 2015).

[31] *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quotation omitted).

[32] *Wilson*, 2015 WL 5310716, at *2.

reasonable extension of the same, and has already explored the prospect of staying discovery during the pendency of the class claims with Experian. There's also no evidence that David has brought this proposed amendment in bad faith, and he has done so soon after receipt of Experian's discovery requests, and prior to the time Experian is scheduled to sit for its 30(b)(6) deposition.

**C. David's proposed amendments are not futile.**

District courts in this jurisdiction have noted that denial of a motion for leave to amend on futility grounds is "rare," and have concluded that "deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss."[33]

**1. David's proposed amendments to his complaint are meritorious.**

15 U.S.C. § 1681g(a) requires that "Every consumer reporting agency shall, upon request . . . clearly and accurate disclosure to the consumer: (1) All information in the consumer's file at the time of the request."[34] In making these disclosures, a CRA is obligated to make them "clearly and accurately."[35] 15 U.S.C. § 1681e(b) requires that whenever it prepares a "consumer report,"[36] Experian "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."[37]

In this case, including information which suggests that a particular tradeline was "included" in a consumer's bankruptcy *after* the date of *discharge* is fundamentally misleading and confusing, and Experian's failure to reconcile the reported dates with its publicly reported bankruptcy data demonstrates a failure to follow reasonable procedures to assure maximum possible accuracy of the information reported. In sum, to the degree the Court finds it appropriate to consider the merits

---

[33] *Id.* (citations omitted).

[34] This disclosure is subject to certain exceptions contained in 15 U.S.C. §§ 1681h(a)(1) and 1681g(a)(1)(A)-(B) and 1681g(d). None of these exceptions are applicable here.

[35] *See id.*

[36] ECF Dkt. 1. "Consumer Report" is a defined term under the FCRA at 15 U.S.C. § 1681a(d).

[37] 15 U.S.C. § 1681e(b).

of David's new allegations under Sections 1681g and 1681e(b), it should find they have merit and should be permitted.

### 2. David's class allegation should be permitted.

Federal Rule of Civil Procedure 23(a) provides that "One or more members of a class may sue or be sued as representative parties on behalf of all members only if" (1) the class's size makes joinder of all members impracticable; (2) questions of law or fact are common to the class; (3) the claims or defenses of the representative parties are typical of the class's claims and defenses; and (4) the class representatives will fairly and adequately protect the interests of the class.[38] Rule 23(b) additionally requires the court to find one of the following:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>     (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> . . . .
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>     (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
>     (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
>     (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
>     (D) the likely difficulties in managing a class action.[39]

David's proposed class claims satisfy both Rule 23(a) and 23(b). With respect to 23(a), Experian is a national reporting company which generates hundreds of thousands, if not millions, of consumer disclosures yearly. David's fact pattern is not unique and can likely be alleged by

---

[38] Fed. R. Civ. Proc. 23(a).
[39] *Id.* at 23(b).

numerous other plaintiffs, triggering similar claims by other plaintiffs and consequently similar defenses by Experian. David can also fairly and adequately represent the interests of the classes he has alleged.

With respect to Rule 23(b), David satisfies a number of the alternative conditions set forth to justify class certification. Given the great number of potential plaintiffs, failure to grant class certification in this case exposes Experian to the possibility of inconsistent judgments under Rule 23(b)(1)(A). The questions of law and fact common to the class predominate over the individual issues in David's case. Boiled to its essence, David's proposed FCRA class action involves a circumstance where (1) a consumer filed a Chapter 7 or 13 bankruptcy, (2) included certain accounts in the bankruptcy, (3) subsequently earned a discharge of those accounts, and (4) obtained an Experian consumer disclosure which indicated that the accounts in question had been "included" in bankruptcy on a date after the bankruptcy discharge date. Given the sheer number of times this type of reporting occurs, David contends that Experian's decision not to reconcile its account tradeline data with its public records data is at least reckless, and has been made in a great number of cases, such that it is willful, exposing Experian to statutory damages. His class allegations are as follows:

> All persons with addresses within the United States who within the past two (2) years obtained an Experian credit report which stated that at least one Tradeline had been "included" in that person's Chapter 7 or Chapter 13 bankruptcy after the date the person had obtained a bankruptcy discharge, where the person (i) previously filed a Chapter 7 or Chapter 13 bankruptcy, (ii) included an account in their bankruptcy petition, and (iii) that account was discharged in bankruptcy.

**D. The Court should also permit David to amend his Complaint to excise moot claims and other information no longer relevant in light of discovery.**

Finally, David seeks to cut down the fat in the original complaint by excising extraneous allegations and making certain stylistic changes. This series of changes are too numerous to identify here, but are all reflected in the proposed supplemental complaint. The Court should permit them.

**CONCLUSION**

For all of the above reasons, David's motion for leave to amend his complaint under Rule 15(a) should be granted, because all of his proposed amendments Complaint satisfy the *Foman* factors and the Court's liberal leave-to-amend standard.

Dated: September 5, 2017.

Respectfully submitted,

*/s/ Miles Clark, Esq.*
Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Ste. 170-109
Las Vegas, NV 89129

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123

Attorneys for Plaintiff

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 28th day of September, 2017.

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on September 5, 2017, and pursuant to the Federal Rules of Civil

3

Procedure, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE**

4

**TO FILE FIRST AMENDED COMPLAINT** was served via the U.S. District Court's

5

electronic filing system to all individuals entitled to receive service thereon.

6

7

/s/ Miles N. Clark
Knepper & Clark LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

PROPOSED FIRST AMENDED COMPLAINT

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| David Leoni, and all similarly situated individuals | : Civil Action No.: 17-cv-1486-APG-PAL |
| Plaintiff, | : **[PROPOSED] FIRST AMENDED** |
| v. | : **COMPLAINT** |
| Experian Information Solutions, Inc., | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

1

2.     This action arises from violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

3.     Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Experian has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

4.     Plaintiff David Leoni ("Plaintiff") is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).   In addition, Plaintiff and all members of his putative class are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

5.     Defendant Military Star is a corporation doing business in the State of Nevada.

6.     Defendant Military Star is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

7.     Defendant Experian Information Solutions, Inc. ("Experian") regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

8.    Unless otherwise indicated, the use of Experian and Military Star's (collectively, "Defendants") name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

### INTRODUCTION

9.    The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

10.   The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

**GENERAL ALLEGATIONS**

11.     On or about 3/22/2011, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 *et seq.* Plaintiff's case was assigned Case Number 11-13991-abl (the "Chapter 13" or "Bankruptcy").

12.     The obligation ("Debt") to Military Star was scheduled in the Bankruptcy and Military Star received notice of the Bankruptcy.

13.     On 5/13/2016, the Plaintiff's Chapter 13 Plan was confirmed (the "Confirmed Chapter 13 Plan" or "Confirmation Order").

14.     A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. The claim is a right to payment arising from the confirmed plan.[1]

15.     Plaintiff ultimately met all of his obligations under the terms of the Confirmed Chapter 13 plan.

16.     Accordingly, the debt to Military Star was discharged on 8/1/2016.

17.     However, Military Star either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

18.     Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each applicable Defendant continued reporting information based on each respective Defendant's pre-bankruptcy contract terms with the Plaintiff, which were

---

[1] *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 379 B.R. 643, 649, 2007 Bankr. LEXIS 2655, *1 (Bankr. S.D. Tex. 2007).

4

no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

19. The adverse information reported by applicable Defendants was based on Military Star's improper enforcement and reporting of pre-bankruptcy obligations, where such reporting failed to comply with the payment structure set forth in the Plaintiff's Chapter 13 Plan. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate, since all the Plaintiff's pre-bankruptcy creditors (whether eventually discharged or not) were subject to repayment pursuant to the Chapter 13 plan terms while the Bankruptcy was pending.

20. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

21. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA. Courts rely on such guidance to determine furnisher liability.[2]

22. Experian's representatives have declared that "Experian's policy for the reporting of data follows the guidelines of the Credit Reporting Resource Guide ("Guide"), published by the Consumer Data Industry Association ("CDIA"), including the reporting of accounts included in bankruptcy."[3]

23. On information and belief, Defendants herein adopted and at all times relevant implemented the Metro 2 format.

---

[2] *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

[3] *See Dixon v. Experian Information Solutions, Inc.*, No. 13-cv-227-PPS-PRC, 2014 WL 2881589, at *5 (N.D. Ind. June 25, 2014); *Dixon*, ECF Dkt. 42-2, Declaration of Kimberly Hughes, at ¶ 17.

24.  On information and belief, Military Star adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of its duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

25.  Despite Metro 2 Format's instructions, Military Star failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy.

26.  In turn, Experian rereported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

27.  To this end, the adverse reporting on the Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

28.  A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data.[4]

29.  Additionally, reporting and rereporting inaccurate and/or misleading statements also violates 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and rereported has the tendency to confuse ordinary consumers like Plaintiff.

## INDIVIDUAL ALLEGATIONS – EXPLERIAN AND MILITARY STAR

### Misreporting of Credit Information Re: Account No. 5743

30.  In an Experian credit report dated 8/31/2016 ("Experian Report"), Military Star inaccurately reported certain information, including, *inter alia*, that Experian was inaccurately reporting a balance of $5,932, which was inaccurate as Plaintiff owed nothing by consequence of his Chapter 13 bankruptcy discharge.  The Experian Report

---

[4] *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

also inaccurately stated, in connection with the Military Star Tradeline: "Filed Chapter 13 Bankruptcy on Mar 31, 2011," which was inaccurate, as Plaintiff had filed bankruptcy in a different date.

31.  On or about 10/20/2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Military Star's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Military Star.

32.  Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting that inaccurate and incorrect derogatory information be removed, corrected or deleted.

33.  Upon information and belief, upon receiving the Experian Dispute Letter, Experian timely notified Military Star of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

34.  Defendant Military Star was required to conduct an investigation into these specific accounts pursuant to 15 U.S.C. § 1681s-2(b), and Defendant Experian was required to conduct a reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

35.  On or about 11/24/2016, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4180-2845-71) ("Experian Reinvestigation") that Military Star and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated".

36.  Based on the information contained therein, the Experian Reinvestigation also constituted a consumer "disclosure" for purposes of 15 U.S.C. § 1681g.

37. A reasonable investigation by these Defendants would have indicated that Plaintiff filed for Chapter 13 bankruptcy and ultimately met all of his Chapter 13 Bankruptcy obligations, since Plaintiff obtained a discharge.

38. Military Star and Experian failed to conduct a reasonable investigation and reinvestigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and 1681i, and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

39. On information and belief, Military Star and Experian failed to review all relevant information Plaintiff provided in his Experian dispute, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681i.

40. Due to Military Star and Experian's failure to reasonably investigate and reinvestigate Plaintiff's dispute, they caused continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C), 1681e(b), and 1681i(a), respectively.

41. Specifically, while Military Star and Experian removed "recent balance" and other disputed information, they now reported that Plaintiff's account had been "included" in Chapter 13 bankruptcy on November 8/1/2016, when the Plaintiff filed his bankruptcy on 3/22/2011, and received his discharge on 8/1/2016.

42. This newly added bankruptcy "inclusion" dates was erroneous because it had the tendency to suggest that the account was "included" in the bankruptcy on a date after the bankruptcy was filed, suggesting that Plaintiff had filed yet another bankruptcy and included this account in it, or that Plaintiff's Chapter 13 Bankruptcy had been reopened and this account included herein at a later date.

43. The bankruptcy inclusion date was also materially misleading and confusing, because it contradicted with the accurate reporting elsewhere. For example, other accounts on

Plaintiff's reinvestigation report, such as a Chase Card account, a Wells Fargo account, and a Wells Fargo Bank NV NA account, and a WF Crd Svc account (collectively, "Correctly Reporting Accounts"), all properly reported the debt as being "included in Chapter 13 Bankruptcy on Mar. 22, 2011."

44. Thus, the 11/8/2016 date was not only inaccurate, but also internally inconsistent with the date reported on the Correctly Reporting Accounts.

45. On information and belief, Experian, upon receipt of Military Star's investigation, blindly relied on the erroneous information contained in Military Star's investigation, without adequately checking the response data to view how applying the data would render the reporting on Plaintiff's consumer report.

46. In blindly relying on the data Military Star provided, Experian failed to follow reasonable procedures designed to ensure the maximum possible accuracy of information in Plaintiff's consumer report. 15 U.S.C. § 1681e(b).

47. Reporting and rereporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and rereported has the tendency to confuse ordinary consumers like Plaintiff.

48. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Military Star and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), 1681i(a) and 1681e(b), respectively.

49. On information and belief, Plaintiff's continued efforts to correct Military Star and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Military Star and Experian would have been unsatisfactory.

50.     As a result of Military Star and Experian's continued inaccurate and negative reporting, Plaintiff has also suffered actual damages, including without limitation out-of-pocket expenses in considering and challenging the Defendants' wrongful representations. These include transportation costs, costs of mailing, and lost time. Plaintiff has also been denied credit with SCE Federal Credit Union, America First Credit Union, and Comenity in connection with an attempted car purchase in early August 2017. Prior to this date he was also placed in fear of credit denials, as Plaintiff wished to purchase a car but did not do so because he was in fear of being denied. Finally, Plaintiff has suffered frustration in connection with his adverse reporting, and has been unable to sleep well.

51.     Military Star and Experian's continued inaccurate and negative reporting of the discharged debt in light of their knowledge of the actual errors was willful. Plaintiff is, accordingly, eligible for statutory damages.

52.     Plaintiff has been required to retain counsel to prosecute this action based on Military Star and Experian's defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.

## CLASS ALLEGATIONS – EXPERIAN

### Violations of 15 U.S.C. §§ 1681g and 1681e(b)

53.     Under the FCRA, disclosures to a consumer must not be made in a manner which is fundamentally misleading and confusion. 15 U.S.C. § 1681g.

54.     The FCRA also requires CRAs to adopt reasonable procedures to ensure maximum accuracy of credit information. 15 U.S.C. § 1681e(b).

55.     On information and belief, both Plaintiff's Experian Report and Experian Reinvestigation constituted consumer disclosures under 15 U.S.C. § 1681g.

56.    On information and belief, Experian obtains public records information, such as bankruptcy petition dates, discharge dates, case numbers, and type filed from a third party vendor, Lexis.

57.    Experian reports this information in a separate "public records" section of its 15 U.S.C. § 1681g disclosures.

58.    On information and belief, Experian construes the word "included" to mean "petition date."

59.    By rereporting Plaintiff's Military Star Tradeline as "included in Chapter 13 bankruptcy" on a date after Plaintiff's bankruptcy discharge, Experian rendered Plaintiff's consumer disclosure misleading and confusing, in violation of 15 U.S.C. § 1681g.

60.    By failing to reconcile Plaintiff's post-discharge "inclusion" date appearing on his Military Star Tradeline with the public records information it obtained from third party Lexis, Experian failed to follow reasonable procedures designed to ensure the maximum accuracy of credit reporting, in violation of 15 U.S.C. § 1681e(b).

61.    Experian's violations of 15 U.S.C. §§ 1681g and 1681e(b) were reckless, and by consequence, willful.  Plaintiff is thus entitled to statutory damages.  15 U.S.C. § 1681n.

**Class Allegations**

62.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("Class").

63.    Plaintiff represents, and is a member of the Class, consisting of:

All persons with addresses within the United States who within the past two (2) years obtained an Experian credit report which stated that at least one Tradeline had been "included" in that person's Chapter 7 or Chapter 13 bankruptcy after the date the person had obtained a bankruptcy discharge, where the person (i) previously filed a Chapter 7 or Chapter 13 bankruptcy, (ii) included an account in their bankruptcy petition, and (iii) that account was discharged in bankruptcy.

64. Experian, Military Star, and their employees or agents are excluded from the Class.

65. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

66. Plaintiff and members of the Class were harmed by the acts of Experian in at least the following ways: Experian, either directly or through its agents, violated 15 U.S.C. §§ 1681g and 1681e(b) when it included notations that these consumer's accounts had been "included" in bankruptcy on a date after the bankruptcy discharge.

67. This class allegation seeks recovery of statutory and punitive damages on behalf of the Class, any relief the Court deems appropriate under Federal Rule of Civil Procedure 23(b)(2), as well as reasonable attorney's fees and costs. It expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

68. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The members of The Class can be identified through Experian's or its agents' records.

69. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the two years prior to the filing of this Complaint, Experian or its agents violated 15 U.S.C. §§ 1681g and/or 1681e(b) when on a consumer

disclosure they stated, in connection with any Tradeline, that it was reporting as "included" in bankruptcy on a date after the date the bankruptcy had been discharged; and

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

70.   Plaintiff is a typical Class member in that Plaintiff suffered harm resulting from Experian's failure to follow reasonable procedures as outlined above.

71.   Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

72.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of Experian's unlawful and wrongful conduct; namely they each lost time and suffered out-of-pocket costs in disputing their credit information, and are entitled to statutory damages. As a result, all the Class members have lost a benefit conferred on them by Congress, specifically the right to receive a clear and accurate disclosure of the information in their consumer files under Section 1681g, as well as assurances that this information had been subject to reasonable procedures to ensure its accuracy. This benefit, now lost, can never be recovered. In addition, Experian's violations will be allowed to proceed without remedy and Experian will likely continue such illegal conduct.

73.   Class certification is also appropriate because Experian has acted on grounds generally applicable to the Class.

74.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

75. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Experian to comply with federal law. The interest of the Class members in individually controlling the prosecution of separate claims against Experian is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

76. Experian has acted on grounds generally applicable to the Class.

**FIRST CAUSE OF ACTION – NAMED PLAINTIFF AND CLASS**
**EXPERIAN'S VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions related to Experian constitute numerous and multiple willful and reckless violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

79. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Experian.

**SECOND CAUSE OF ACTION – NAMED PLAINTIFF ONLY**
**EXPERIAN AND MILIARY STAR'S VIOLATIONS OF THE FAIR CREDIT**
**REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

82. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

83. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION – NAMED PLAINTIFF AND CLASS
## EXPERIAN'S VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3); and

- any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION – NAMED PLAINTIFF ONLY**
**EXPERIAN AND MILIARY STAR'S VIOLATIONS OF THE FAIR CREDIT**
**REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 5, 2017

Respectfully submitted,

/s/ Miles N. Clark, Esq.
Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123

Attorneys for Plaintiff