Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(t) (702) 420-7000
(f) (702) 420-7001
jbraster@naylorandbrasterlaw.com

Andrew M. Cummings
(*admitted pro hac vice*)
CA State Bar No. 305081
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
(T) 949-851-3939
acummings@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID LEONI,<br><br>                    Plaintiff,<br><br>          v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC. and MILITARY STAR,<br><br>                    Defendants. | Case No. 2:17-cv-01408-RFB-VCF<br><br>**DEFENDANT EXPERIAN**<br>**INFORMATION SOLUTIONS, INC.'S**<br>**ANSWER TO PLAINTIFF'S FIRST**<br>**AMENDED COMPLAINT AND JURY**<br>**DEMAND**<br><br>Complaint Filed:  May 18, 2017 |

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and

through its undersigned counsel, and answers Plaintiff David Leoni's ("Plaintiff") First Amended

Complaint (the "Complaint") as follows:

**JURISDICTION AND VENUE**

1.     In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has

alleged jurisdiction based on 15 U.S.C. § 1681 et seq., and 28 U.S.C. § 1331.  Experian states this

is a legal conclusion which is not subject to denial or admission.

2.      In response to paragraph 2 of the Complaint, Experian admits that the Complaint purports to state claims under the FCRA.  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.  As to the allegations in paragraph 2 that relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 2 of the Complaint.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Experian states that this is a legal conclusion which is not subject to denial or admission.  Experian further admits that it is qualified to do business and conducts business in the State of Nevada.  As to the allegations in paragraph 3 which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 3 of the Complaint.

## PARTIES

4.      In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, Experian admits that it is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), and, as such, issues

consumer reports as defined by 15 U.S.C. § 1681a(d).  Experian further admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the State of Nevada.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Experian denies, generally and specifically, each and every allegation therein that relates to Experian.  As to the allegations in paragraph 8 which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 8 of the Complaint.

**INTRODUCTION**

9.      In response to paragraph 9 of the Complaint, Experian admits that the allegations contained therein appear to set forth a rationale or legislative intent behind the federal Fair Credit Reporting Act and a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 9 inconsistent therewith.

10.      In response to paragraph 10 of the Complaint, Experian admits that the allegations contained therein appear to set forth a rationale or legislative intent behind the FCRA and a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 10 inconsistent therewith.

**GENERAL ALLEGATIONS**

11.      In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 11 of the Complaint.

12.      In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408

1   denies, generally and specifically, each and every allegation contained in paragraph 12 of the

2   Complaint.

3       13.     In response to paragraph 13 of the Complaint, Experian is without knowledge or

4   information sufficient to form a belief as to the truth of the allegations contained therein and, on

5   that basis, denies, generally and specifically, each and every allegation contained in paragraph 13

6   of the Complaint.

7       14.     In response to paragraph 14 of the Complaint, Experian states that the allegations

8   contained therein are legal conclusions not subject to admission or denial.  To the extent a

9   response is required, Experian is without knowledge or information sufficient to form a belief as

10  to the truth of the allegations contained in paragraph 14 of the Complaint and, on that basis,

11  denies, generally and specifically, each and every allegation contained therein.

12      15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or

13  information sufficient to form a belief as to the truth of the allegations contained therein and, on

14  that basis, denies, generally and specifically, each and every allegation contained in paragraph 15

15  of the Complaint.

16      16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or

17  information sufficient to form a belief as to the truth of the allegations contained therein and, on

18  that basis, denies, generally and specifically, each and every allegation contained in paragraph 16

19  of the Complaint.

20      17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or

21  information sufficient to form a belief as to the truth of the allegations contained therein and, on

22  that basis, denies, generally and specifically, each and every allegation contained in paragraph 17

23  of the Complaint.

24      18.     In response to paragraph 18 of the Complaint, Experian denies that Plaintiff ever

25  had any debt with respect to Experian.  Experian also denies, generally and specifically, each and

26  every allegation contained therein that relates to Experian.  As to the allegations in paragraph 18

27  of the Complaint which relate to the other defendant, Experian is without knowledge or

28  information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies, generally and specifically, each and every remaining allegation contained in paragraph 18 of the Complaint.

19.     In response to paragraph 19 of the Complaint, Experian denies that Plaintiff ever had any debt with respect to Experian.  Experian also denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 19 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 19 of the Complaint.

20.     In response to paragraph 20 of the Complaint, Experian admits that the allegations contained therein appear to set forth an explanation of the Consumer Data Industry Association's Metro 2 reporting standards.  Experian affirmatively states that the Consumer Data Industry Association's Metro 2 reporting standards speak for themselves and, on that basis, denies any allegations of paragraph 20 inconsistent therewith.  As to the allegations in paragraph 20 that relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein.  As to the allegations in paragraph 20 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Experian admits that the allegations contained therein appear to set forth an explanation of the Consumer Data Industry Association's Metro 2 reporting standards.  Experian affirmatively states that the Consumer Data Industry Association's Metro 2 reporting standards speak for themselves and, on that basis, denies any allegations of paragraph 21 inconsistent therewith.  In response to the allegation that "courts rely on such guidance," and the footnote to paragraph 21, Experian states that these are legal conclusions which are not subject to denial or admission.

22.     In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies, generally and specifically, each and every allegation contained in paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation therein that relates to Experian.  As to the allegations in paragraph 26 which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation therein that relates to Experian.  As to the allegations in paragraph 27 which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, and the footnote thereto, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408

1   Complaint and, on that basis, denies, generally and specifically, each and every allegation
2   contained therein.

3        29.    In response to paragraph 29 of the Complaint, Experian states that the allegations
4   contained therein are legal conclusions which are not subject to admission or denial.  To the
5   extent a response is required, Experian denies, generally and specifically, each and every
6   allegation contained therein.

7          **INDIVIDUAL ALLEGATIONS - MILITARY STAR AND EXPERIAN**
8   **MISREPORTED CREDIT INFORMATION RE: ACCOUNT NO. 5743[1]**

9        30.    In response to paragraph 30 of the Complaint, Experian denies, generally and
10  specifically, each and every allegation contained therein that relates to Experian.  As to the
11  allegations in paragraph 30 of the Complaint which relate to the other defendant, Experian is
12  without knowledge or information sufficient to form a belief as to the truth of those allegations
13  and, on that basis, denies, generally and specifically, each and every remaining allegation
14  contained in paragraph 30 of the Complaint.

15       31.    In response to paragraph 31 of the Complaint, Experian states that the allegations
16  contained therein are legal conclusions not subject to admission or denial.  Experian further
17  affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of
18  paragraph 31 inconsistent therewith.  To the extent a response is required, Experian denies,
19  generally and specifically, each and every allegation of paragraph 31.

20       32.    In response to paragraph 32 of the Complaint, Experian denies, generally and
21  specifically, each and every allegation contained therein.

22       33.    In response to paragraph 33 of the Complaint, Experian states that the allegations
23  contained therein are legal conclusions not subject to admission or denial and appear to set forth a
24  portion of the federal FCRA.  Experian further affirmatively states that the FCRA speaks for itself

25      [1] In response to the heading titled "INDIVIDUAL ALLEGATIONS - MILITARY STAR
AND EXPERIAN MISREPORTED CREDIT INFORMATION RE: ACCOUNT NO. 5743,"
26  Experian denies, generally and specifically, each and every allegation contained therein that
relates to Experian.  With respect to the allegations contained therein which relate to the other
27  defendant, Experian is without knowledge or information sufficient to form a belief as to the truth
of the allegations contained in the heading and, on that basis, denies, generally and specifically,
28  each and every allegation contained therein.

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408

and, on that basis, denies any allegations of paragraph 33 inconsistent therewith. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial and appear to set forth a portion of the federal FCRA. Experian further affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 34 inconsistent therewith. To the extent a response is required, Experian denies, generally and specifically, each and every allegation of paragraph 34.

35.     In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 35 of the Complaint.

36.     In response to paragraph 36 of the Complaint, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

37.     In response to paragraph 37 of the Complaint, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Complaint, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 38 of the Complaint which relate to the other defendant, Experian is without knowledge or information

1   sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally

2   and specifically, each and every remaining allegation contained in paragraph 38 of the Complaint.

3          39.     In response to paragraph 39 of the Complaint, Experian states that the allegations

4   contained therein are legal conclusions which are not subject to denial or admission.  To the

5   extent a response is required, Experian denies, generally and specifically, each and every

6   allegation contained therein that relates to Experian.  As to the allegations in paragraph 39 of the

7   Complaint which relate to the other defendant, Experian is without knowledge or information

8   sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally

9   and specifically, each and every remaining allegation contained in paragraph 39 of the Complaint.

10         40.     In response to paragraph 40 of the Complaint, Experian states that the allegations

11  contained therein are legal conclusions which are not subject to denial or admission.  To the

12  extent a response is required, Experian denies, generally and specifically, each and every

13  allegation contained therein that relates to Experian.  As to the allegations in paragraph 40 of the

14  Complaint which relate to the other defendant, Experian is without knowledge or information

15  sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally

16  and specifically, each and every remaining allegation contained in paragraph 40 of the Complaint.

17         41.     In response to paragraph 41 of the Complaint, Experian denies, generally and

18  specifically, each and every allegation contained therein that relates to Experian.  As to the

19  allegations in paragraph 41 of the Complaint which relate to the other defendant, Experian is

20  without knowledge or information sufficient to form a belief as to the truth of those allegations

21  and, on that basis, denies, generally and specifically, each and every remaining allegation

22  contained in paragraph 41 of the Complaint.

23         42.     In response to paragraph 42 of the Complaint, Experian states that the allegations

24  contained therein are legal conclusions which are not subject to denial or admission.  To the

25  extent a response is required, Experian denies, generally and specifically, each and every

26  allegation contained therein.

27         43.     In response to paragraph 43 of the Complaint, Experian states that the allegations

28  contained therein are legal conclusions which are not subject to denial or admission.  To the

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408

extent a response is required, Experian denies that any information was materially misleading or confusing. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 43 of the Complaint.

44.     In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 44 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 44 of the Complaint.

45.     In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 45 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 45 of the Complaint.

46.     In response to paragraph 46 of the Complaint, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 47 of the Complaint, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 47 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 47 of the Complaint.

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408

48.     In response to paragraph 48 of the Complaint, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 48 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 48 of the Complaint.

49.     In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 49 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 49 of the Complaint.

50.     In response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 50 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 50 of the Complaint.

51.     In response to paragraph 51 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 51 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 51 of the Complaint.

52.     In response to paragraph 52 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 52 of the Complaint which relate to the other defendant, Experian is

1    without knowledge or information sufficient to form a belief as to the truth of those allegations

2    and, on that basis, denies, generally and specifically, each and every remaining allegation

3    contained in paragraph 52 of the Complaint.

4                         **CLASS ALLEGATIONS – EXPERIAN**

5                    **Violations of 15 U.S.C. §§ 1681g and 1681e(b)**

6          53.     In response to paragraph 53 of the Complaint, Experian states that the allegations

7    contained therein are legal conclusions which are not subject to denial or admission.  To the

8    extent a response is required, Experian denies, generally and specifically, each and every

9    allegation contained therein that relates to Experian.

10         54.     In response to paragraph 54 of the Complaint, Experian states that the allegations

11   contained therein are legal conclusions which are not subject to denial or admission.  To the

12   extent a response is required, Experian denies, generally and specifically, each and every

13   allegation contained therein that relates to Experian.

14         55.     In response to paragraph 55 of the Complaint, Experian states that the allegations

15   contained therein are legal conclusions which are not subject to denial or admission.  To the

16   extent a response is required, Experian denies, generally and specifically, each and every

17   allegation contained therein that relates to Experian.

18         56.     In response to paragraph 56 of the Complaint, Experian admits that it obtains

19   certain public record information from Lexis.  Except as specifically admitted, Experian denies,

20   generally and specifically, the remaining allegations contained therein.

21         57.     In response to paragraph 57 of the Complaint, Experian admits that it reports some

22   public record information in the "Public Records" section of a consumer disclosure.  Except as

23   specifically admitted, Experian denies, generally and specifically, the remaining allegations

24   contained therein.

25         58.     In response to paragraph 58 of the Complaint, Experian is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations contained therein and, on

27   that basis, denies, generally and specifically, each and every allegation contained in paragraph 58

28   of the Complaint.

59.     In response to paragraph 59 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.

60.     In response to paragraph 60 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.

61.     In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.

**Class Allegations**

62.     In response to paragraph 62 of the Complaint, Experian admits that Plaintiff seeks to bring this action on behalf of himself and on behalf of the "Class" described in paragraph 63. Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

63.     In response to paragraph 63 of the Complaint, Experian admits that Plaintiff seeks to bring this action on behalf of a class.  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained therein.

64.     In response to paragraph 64 of the Complaint, Experian admits that Plaintiff's purported class excludes employees or agents of Experian or Military Star. Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained therein

65.     In response to paragraph 65 of the Complaint, Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian denies, generally and specifically, the remaining allegations contained therein.

66.     In response to paragraph 66 of the Complaint, Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action. Experian further denies that it has violated the FCRA, denies that Plaintiff or the putative class members were harmed, damaged or injured by Experian's acts, and denies that it is liable to Plaintiff or any putative class member for any alleged damages.  Experian denies, generally and specifically, the remaining allegations contained therein.

67.     In response to paragraph 67 of the Complaint, Experian admits that Plaintiff purports to seek recovery of damages and other relief on behalf of himself and putative class members.  Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian further denies that it has violated the FCRA, denies that it is liable to Plaintiff or putative class members for any alleged damages, and denies that Plaintiff or putative class members are entitled to any other relief sought in the Complaint.  Experian denies, generally and specifically, the remaining allegations contained therein.

68.     In response to paragraph 68 of the Complaint, Experian denies that the disposition of putative class members' claims in a class action will provide substantial benefits to the parties or the court.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

69.     In response to paragraph 69 and subparts (a)-(b) of the Complaint, Experian denies that there is a well-defined community interest in the questions of law and fact involved. Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

70.     In response to paragraph 70 of the Complaint, Experian denies that Plaintiff is typical of putative class members of the proposed class.  Experian also denies that Plaintiff suffered harm as a result of Experian's conduct, and denies that Experian made an inadequate or misleading disclosure.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

71.     In response to paragraph 71 of the Complaint, Experian denies that Plaintiff will fairly and adequately represent and protect the interests of members of the putative class, and denies that Plaintiff does not have interests antagonistic to any putative class member.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

72.     In response to paragraph 72 of the Complaint, Experian denies that Plaintiff and the putative class members have suffered irreparable harm, or any harm, as a result of Experian's conduct.  Experian further denies that absent a class action Plaintiff and the putative class members will continue to face the potential for irreparable harm, or any harm.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

73.     In response to paragraph 73 of the Complaint, Experian denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian also states that the allegations contained therein are legal conclusions, which are not subject to admission or denial.  To the extent a response is required, Experian denies, generally

and specifically, each and every allegation contained therein.  Experian denies that Plaintiff or the putative class members are entitled to any injunctive relief against Experian.

74.     In response to paragraph 74 of the Complaint, as to counsel's previous experience, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

75.     In response to paragraph 75 of the Complaint, Experian denies that a class action is a superior method to adjudicate this controversy.  Experian further denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

76.     In response to paragraph 76 of the Complaint, Experian denies that it has acted on grounds generally applicable to the Class and that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23 or is otherwise proper or legally sufficient, and further denies that this action may properly be maintained as a class action.  Experian denies, generally and specifically, the remaining allegations contained therein.

**FIRST CAUSE OF ACTION – NAMED PLAINTIFF AND CLASS**

**EXPERIAN'S VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 *ET SEQ.* (FCRA)**

77.     In response to paragraph 77 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 76, above, as though fully set forth herein.

78.     In response to paragraph 78 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.

79.     In response to paragraph 79 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.

**SECOND CAUSE OF ACTION – NAMED PLAINTIFF ONLY**

**EXPERIAN AND MILITARY STAR'S VIOLATION OF THE**

**FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 *ET SEQ.* (FCRA)**

80.     In response to paragraph 80 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 79, above, as though fully set forth herein.

81.     In response to paragraph 81 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 81 of the Complaint that relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 81 of the Complaint.

82.     In response to paragraph 82 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 82 of the Complaint that relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 82 of the Complaint.

83.     In response to paragraph 83 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 83 of the Complaint which relate to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 83 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

In response to the four bulleted claims for relief on page 15 of the First Amended Complaint under the heading "FIRST CAUSE OF ACTION – NAMED PLAINTIFF AND CLASS EXPERIAN'S VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C.

§ 1681 ET SEQ. (FCRA)," and the five bulleted claims for relief on page 16 of the First Amended Complaint under the heading "SECOND CAUSE OF ACTION – NAMED PLAINTIFF ONLY EXPERIAN AND MILITARY STAR'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 *ET SEQ.* (FCRA)," Experian denies, generally and specifically, that Plaintiff or the putative class members are entitled to judgment against, or any relief whatsoever—declaratory, monetary, injunctive, or otherwise—from Experian.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiff and the putative class members are relieved of their burden to prove each and every element of their claims and the damages, if any, to which they are entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as though fully set forth herein its responses, above, to the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian, and further fails to state facts sufficient to entitle Plaintiff and the putative class members to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff and the putative class members was true.

1

### THIRD AFFIRMATIVE DEFENSE
### (Indemnification)

2

3

Experian is informed and believes and thereon alleges that any purported damages

4

allegedly suffered by Plaintiff and the putative class members are the results of the acts or

5

omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

6

7

Plaintiff's and the putative class members' claims and any recovery based thereon are

8

barred in whole or in part by the failure or refusal to exercise due care and diligence to avoid loss

9

and minimize damages allegedly sustained.  Plaintiff and the putative class members therefore

10

may not recover for losses that could have been prevented or at minimum any recovery should be

11

reduced by the failure to mitigate

12

### FIFTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault)

13

14

Experian is informed and believes and thereon alleges that any alleged damages sustained

15

by Plaintiff and the putative class members were, at least in part, caused by the actions of

16

Plaintiff, and the putative class members, and/or third parties and resulted from Plaintiff's, the

17

putative class members', or third parties' own negligence, which equaled or exceeded any alleged

18

negligence or wrongdoing by Experian.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

19

20

The Complaint and each claim for relief therein are barred by laches.

21

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

22

23

Any damages which Plaintiff and the putative class members may have suffered, which

24

Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff and

25

the putative class members.  Therefore, Plaintiff and the putative class members are estopped and

26

barred from recovery of any damages.

27

28

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408

**EIGHTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**
**(Independent Intervening Cause)**

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**TENTH AFFIRMATIVE DEFENSE**
**(Mootness)**

Plaintiff's claims are barred, in whole or in part, to the extent that the claims or relief sought are moot.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Improper Request for Punitive Damages)**

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Immunity)**

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Settlement, Release, Res Judicata)**

Plaintiff's and the putative class members' claims against Experian are barred, in whole or in part, by the doctrine of settlement, release, and res judicata.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Due Process of Law)**

Any claim for statutory, punitive, or exemplary damages violates Experian's right to due process of law under the United States Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Injunctive Relief)**

A private litigant is not entitled to injunctive relief under the FCRA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Willfulness)**

Plaintiff's and the putative class members' claims against Experian for willful violations fail, as any violation found to have been committed by Experian were negligent rather than willful.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Impropriety As A Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

Plaintiff's and the putative class members' claims and any recovery based thereon are barred in whole or in part because Plaintiff's and the putative class members' lack standing under applicable state and federal law to bring these claims against Experian.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Right to Assert Additional Defenses If Class Is Certified)

Experian reserves the right to amend and supplement its affirmative defenses to include defenses that may be applicable to other individuals if any class is certified.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Right to Assert Additional Defenses)

Experian hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff and the putative class members take nothing by virtue of the First Amended Complaint herein and that this action be dismissed in its entirety;

(2)     That judgment be entered in Experian's favor and against Plaintiff and the putative class members;

1      (3)    For costs of suit and attorneys' fees herein incurred; and

2      (4)    For such other and further relief as the Court may deem just and proper.

3      DATED this 12th day of October 2017.

4

5      By: */s/ Jennifer L. Braster*

6      Jennifer L. Braster
    Nevada Bar No. 9982
    1050 Indigo Drive, Suite 200

7      Las Vegas, NV 89145

8      Andrew M. Cummings

9      (*admitted pro hac vice*)
    CA State Bar No. 305081
    JONES DAY

10     3161 Michelson Drive, Suite 800
    Irvine, CA 92612

11     (T) 949-851-3939
    acummings@jonesday.com

12

13     *Attorneys for Defendant Experian Information*
    *Solutions, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408

1

## CERTIFICATE OF SERVICE

2       Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee

3   of NAYLOR & BRASTER and that on this <u>12th</u> day of October 2017, I caused the document

4   **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO**

5   **PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** to be served

6   through the Court's CM/ECF system addressed to:

7
David H. Krieger, Esq.
Haines & Krieger, LLC
8   8985 S. Eastern Avenue, Suite 350
Henderson, NV  89123
9   Email: dkrieger@hainesandkrieger.com

10
Matthew I. Knepper
Miles N. Clark
11  Knepper & Clark, LLC
10040 W. Cheyenne Ave. Suite 170-109
12  Las Vegas, NV 89129
Email: matthew.knepper@knepperclark.com
13  Email: miles.clark@knepperclark.com

14  *Attorneys for Plaintiff*

15

16                              /s/ Jennifer L. Braster
An Employee of NAYLOR & BRASTER

17

18

19

20

21

22

23

24

25

26

27

28

EXPERIAN'S ANSWER TO COMPLAINT
Case No. 2:17-cv-01408