# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID LEONI, and all similarly situated[1] individuals,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC.,<br><br>Defendant. | Case No. 2:17-cv-01408-RFB-VCF<br><br>ORDER |

## I. INTRODUCTION

Plaintiff David Leoni ("Leoni" or "Plaintiff") sues Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*. Before the Court are several motions/appeals: Plaintiff's Appeal of the Magistrate Judge's October 9, 2018 Order, ECF No. 89, Plaintiff's Motion for Summary Judgment, ECF No. 90, Defendant's Motion for Summary Judgment, ECF No. 98, Plaintiff's Motion for Class Certification, ECF No. 94, Plaintiff's Motions to Seal, ECF Nos. 92, 96, 117, Plaintiff's Motion to Strike, ECF No. 119, Plaintiff's Motion for Leave to File Supplemental Evidence, ECF No. 125, and Defendant's Motions to Seal, ECF Nos. 100, 103, and 114. For the reasons stated below the Court grants in part and denies in part Plaintiff's and Defendant's

---

[1] This complaint was amended on September 28, 2017, and the named parties changed accordingly. The Court orders use of this caption from this point forward.

respective motions for summary judgment, denies Plaintiff's Motion for class certification, and grants all motions to seal. The remaining motions and appeals are dismissed as moot.

**PROCEDURAL BACKGROUND**

David Leoni sued Defendant Experian Information Solutions on May 18, 2017. ECF No. 1. Plaintiff filed his operative First Amended Complaint on September 28, 2017. The original complaint also named Military Star as a Defendant, however Plaintiff's amended complaint terminated Military Star's presence in this action. ECF No. 17. In the amended complaint, Plaintiff asserts one cause of action for violations of the Fair Credit Reporting Act (FCRA) on behalf of Leoni and a proposed class and a second cause of action as to the named plaintiff only for Defendant Experian's alleged FCRA violations.

Now both parties move for summary judgment. ECF Nos. 90, 98. Both parties have opposed and filed corresponding replies. ECF Nos. 109, 110, 112, 115. Plaintiff has also filed an appeal of the Honorable Cam Ferenbach's prior order on October 10, 2018 denying Plaintiff's Motion to Compel. ECF No. 89. Defendant has opposed that appeal. ECF No. 101. In addition, Plaintiff has also filed three motions to seal or redact portions of the record, a motion to strike or leave to seek surreply to Defendant's motion for summary judgment, a motion for leave to submit supplemental evidence regarding the appeal of the Court's October 10, 2018 order, and a motion for class certification pursuant to Fed. R. Civ. P. 23 that are also now before the Court. ECF Nos. 92, 94, 96, 117, 119. Defendant has responded to both the motion for class certification and two of the motions to seal. ECF Nos. 104, 105, 106. Finally, Defendant has also filed three motions to seal. ECF No. 100 103, 114.

**II.    FACTUAL BACKGROUND**
    **a. Undisputed Facts**

The Court finds the following facts to be undisputed.

On or about March 22, 2011, Plaintiff filed for Chapter 13 Bankruptcy in Nevada. Leoni's debt obligation to nonparty Military Star was scheduled in the bankruptcy. On May 13, 2016, Leoni's Chapter 13 Plan was confirmed, and Leoni's debt to Military Star was discharged on August 1, 2016. On August 31, 2016, Leoni requested and received a copy of his Experian consumer disclosure pursuant to 15 U.S.C. §1681g(a). The initial Experian consumer disclosure listed in its trade line for Military Star that the recent balance was "$5,932 as of 5/27/2013" and listed the account's status as: "Petition for Chapter 13 Bankruptcy/Never late. $5932 written off." ECF No. 90, Ex. 4. Below the account history was a note that the consumer: "filed Chapter 13 bankruptcy on Mar 31, 2011." ECF No. 90, Ex. 4. Leoni sent a dispute letter dated October 20, 2016 to the consumer reporting agency Experian. The letter stated in part: "My credit report shows you are inaccurately reporting balances owed for the month of May 2013 on this account . . . .[t]his information is incorrect because I owed a $0 balance at the time this was reported . . . I performed all obligations required to Military Star." ECF No. 90, Ex. 4. On November 7, 2016, Experian contacted Military Star and sent it an ACDV (automated consumer dispute verification) form regarding Plaintiff's dispute. Military Star responded and sent its ACDV response to Experian on or about November 8, 2016. On November 24, 2016, Experian mailed Leoni the results of reinvestigation. The Military Star tradeline correctly listed the balance owed as $0, and correctly noted that the status of the account was "[d]ischarged through Bankruptcy Chapter 13." However, the account history stated that the debt had been "included in Chapter 13 Bankruptcy on Nov 08, 2016," which was not the date on which Plaintiff had actually filed his bankruptcy petition.

### b. Disputed Facts

The parties dispute the legal effect of the circumstances described.

### III. LEGAL STANDARD

#### a. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law.' Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### b. Class Certification Legal Standard

In order to qualify for class certification, the proposed class must meet all the requirements of Federal Rule of Procedure 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23(a), (b). The proponents of the class bear the burden of demonstrating that all the prerequisites for class designation are met. See Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1041 (9th Cir. 2012), cert. denied, 707 F.3d 1036, (2013). Although a court should not engage in a trial on the merits at the class certification stage, "[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351, (2011) (internal quotation marks and citation omitted). The four threshold requirements under Rule 23(a) are that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

///

1     (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The Supreme Court refers to these elements as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively. Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997). In this case, Plaintiff moves for class certification as a damages class under Rule 23(b)(3). Certification is appropriate under Rule 23(b)(3) if the court finds that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## IV. DISCUSSION

### a. *The Fair Credit Reporting Act*

"Congress enacted the Fair Credit Reporting Act [FCRA] in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" Id. (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

The three major nationwide consumer reporting agencies (Experian, TransUnion, and Equifax) review trade line disputes through an electronic information network called e-OSCAR (the Online Solution for Complete and Accurate Reporting). Consumer Fin. Prot. Bureau, Key Dimensions and Processes in the U.S. Credit Reporting System: A Review of how the Nation's Largest Credit Bureaus Manage Consumer Data, 32 (2012). After a consumer notifies a consumer reporting agency of a dispute, the consumer reporting agency internally reviews the dispute, and if it cannot be resolved internally, forwards the information to the furnisher (the original source of the information) using an electronic form called an automated consumer dispute verification form

///

(ACDV). Id. The furnisher then investigates the response and sends it back to the consumer reporting agency. Id.

### b. Leoni and Experian's Motions for Summary Judgment

The Court addresses the parties' cross-motions for summary judgment first.

### i. Experian's Liability as to Leoni's Initial Disclosure Claim (15 U.S.C. § 1681g)

Leoni first alleges that Experian violated section 1681g of the FCRA. Section 1681g requires in part that "every consumer reporting agency shall, upon request . . . clearly and accurately disclose to the consumer . . . all information in the consumer's file at the time of the request . . . ." 15 U.S.C. § 1681g(a)(1). A "consumer's file includes 'all information on the consumer that is recorded and retained by a [consumer reporting agency] that might be furnished, or has been furnished, in a consumer report on that customer." Shaw v. Experian Info Sols. Inc., 891 F.3d 749, 759 (9th Cir. 2018) (internal citations omitted). For the following reasons, the Court finds that Experian violated section 1681g.

As a preliminary matter, Experian argues that the "included in Chapter 13 Bankruptcy on Nov 08, 2016" line is not included in consumer reports disclosed to third parties and thus is not a relevant consideration under section1681g. Def.'s Mot. Summ. J., 10, ECF No. 98. The Court disagrees with this analysis.

Experian's reinvestigation results as mailed to Leoni constituted a consumer disclosure for the purposes of section 1681g(a)(1). But the results *also* triggered the reinvestigation procedures outlined in section 1681i of the FCRA , which requires the consumer reporting agency to disclose in its notice of the results of reinvestigation "a *consumer report that is based upon the consumer's file* as that file is revised as a result of the reinvestigation." 15 U.S.C. § 1681i(a)(6)B(ii) (emphasis added). The parties dispute whether the reinvestigation results sent to Leoni were a consumer disclosure as described in section 1681g *and* a consumer report as required to be sent in response to consumer disputes pursuant to section 1681i(a)(6)B(ii).

Ultimately the Court agrees with Plaintiff that the reinvestigation results Experian sent Leoni were both a consumer disclosure as described in section 1681g and *also* a consumer report sent pursuant to 1681i(a)(6)B(ii). The reinvestigation results clearly state that the information contained therein *could* and *would* be sent to any entity that has reviewed the consumer's credit report within the last two years for employment purposes upon the consumer's request. ECF No.90-7 ("If there has been a change to your credit history resulting from our reinvestigation . . . you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose."). This thus meets the definition of information that could be included in a consumer report, because it includes information that "might be furnished, or has been furnished in a consumer report on that consumer." Shaw, 891 F.3d, at 759. If Experian wants to assert that such information would never be included in reports submitted to third parties, then it should not include that information in reinvestigation results sent to consumers pursuant to section 1681i(a)(6)B(ii).

When considering whether a party has violated 1681g, the operative consideration is whether "the disclosure is understandable to the average consumer," and whether the information provided to the consumer was in a form that was both "clear and accurate." Shaw, 891 F.3d at 759. Here the information was presented clearly but was not entirely accurate. While the Military Star tradeline correctly showed a zero balance as is required after debts are discharged in bankruptcy, it listed the wrong date on which the petition date was filed, stating that the debt had been "included in Chapter 13 bankruptcy on Nov 08, 2016." This could be confusing or misleading because it could imply that the consumer filed for bankruptcy on a different date than he actually did, or given that the tradelines for other items list the correct date on which the petition was filed, could imply that the consumer filed for bankruptcy twice. Consumers request disclosures pursuant to section 1681g in order to compare the information in the credit file with their own personal information. Shaw, 891 F.3d at 760 (citing Gillespie v. Equifax Info. Servs., LLC 484 F.3d 938, 941 (7th Cir. 2007)) ("The disclosure must be made in a manner sufficient to allow the consumer to compare the disclosed information from the credit file against the consumer's personal information in order to allow the consumer to determine the accuracy of the information set forth

in her credit file."). For this reason, Experian's argument that listing the incorrect date is not confusing or misleading to the consumer because the consumer knows how many times he has filed for bankruptcy misstates the relevant consideration. Def.'s Mot. Summ. J. 8-9, ECF No. 98. The relevant consideration is not whether the consumer was subjectively misled or confused by the information contained in the file, but whether the information contained in the file is objectively inaccurate. The Court finds that the tradeline was inaccurate and grants summary judgment to Leoni as to Experian's liability on the 1681g claim.

> ii. <u>Experian's Liability as to Leoni's Reasonable Procedures Claim (15 U.S.C. § 1681e(b))</u>

Next the Court turns to Plaintiff Leoni's 1681e(b) claim. Section 1681e(b) of the FCRA requires the consumer reporting agency to "follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USC § 1681e(b). Liability under 1681e(b) "is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." <u>Guimond v. Trans Union Credit Info. Co.</u>, 45 F.3d 1329, 1333 (9th Cir. 1995). To bring a 1681e claim, the "consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information." <u>Guimond</u>, 45 F.3d at 1333. The consumer must also "first make a prima facie showing of inaccurate reporting by the CRA." <u>Shaw</u>, 891 F.3d at 756 (internal citations omitted). Inaccurate for the purposes of FCRA means information that is either "patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." <u>Id</u>. Once the consumer has made a prima facie showing of inaccuracy, he or she must next show that the consumer reporting agency failed to follow reasonable procedures to assure the maximum possible accuracy of the information. 15 U.S.C. § 1681e(b).

Experian falsely implies that a consumer must show that the information would be transmitted to a third party in order to make out a section 1681e(b) claim. Def.'s Mot. Summ. J. 11, ECF No. 98. But the Ninth Circuit has explicitly held that proof of transmission to a third party is not a prerequisite for making a 1681e(b) claim. <u>Guimond</u>, 45 F.3d at 1333 ("Accordingly the

district court erred in finding that any liability under 1681e(b) was predicated, as a matter of law, on the occurrence of some event—denial of credit or transmission of the report to third parties—resulting from the compilation and retention of erroneous information.").

The Court finds Leoni has made a prima facie showing of inaccuracy. The "included in Chapter 13 bankruptcy on Nov 08, 2016" line is patently incorrect in that it clearly misstates the date on which the bankruptcy petition was filed. However, as explained above, the inquiry does not end there. The consumer must also show that the consumer reporting agency's procedures were not reasonable.

The Ninth Circuit has not yet fully articulated a test for reasonableness of procedures in this context. Other circuit courts findings on this matter are thus informative. The Seventh Circuit, in the case Henson v. CSC Credit Servs., , has noted that whether a credit reporting agency has a duty to go beyond the original source (also called the furnisher) of the information, will depend on whether the consumer has alerted the reporting agency of the furnisher's possible unreliability and whether the costs of verifying the accuracy of the furnisher outweigh the possible harm that inaccurately reported information may cause the consumer. Henson v. CSC Credit Servs., 29 F.3d 280, 287 (7th Cir. 1994)

It is at this juncture that Plaintiff's argument fails. The Court agrees with Experian that Leoni has failed to show that Experian's procedures were not reasonable. Use by consumer reporting agencies of automated ACDV processes, such as the one Experian employed in this case, does not, as a matter of law, inoculate consumer reporting agencies from section 1681e(b) reasonableness claims. But Leoni has failed to provide any evidence showing that the furnisher, Military Star, was unreliable in any way. In this case, the only notice that Experian had as to Military Star's potential unreliability as a furnisher was the dispute letter Leoni sent to Experian. Leoni described his dispute as follows: "My credit report shows you are inaccurately reporting balances owed for the month of May 2013 on this account . . . .[t]his information is incorrect because I owed a $0 balance at the time this was reported . . . I performed all obligations required to Military Star." ECF No. 90, Ex. 4. The dispute letter does not mention Leoni's previous bankruptcy petition or subsequent discharge. Thus, Experian did not have any reason to believe

that the dates listed on Military Star's ACDV were incorrect. Both sides do not dispute that Leoni did not follow up directly with Experian after receiving the reinvestigation results, but instead filed this instant lawsuit. The Court therefore finds that Experian's credit reporting procedures as outlined in this case were reasonable, and grants Experian summary judgment on this claim.

>        iii.    Experian's Liability as to Leoni's Reasonable Reinvestigation Claim (15 U.S.C. § 1681i)

Lastly the Court examines Leoni's claim that Experian violated section 1681i of the FCRA. Section 1681i(a)(1)(A) outlines the scope of the reinvestigation required by consumer reporting agencies. It states in part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer . . .

15 U.S.C. §1681i(a)(1)(A).

As articulated in the previous section regarding Leoni's section1681e(b) claim, Leoni's dispute letter mentions only the incorrect "write-off balance," and does not mention Leoni's previous bankruptcy petition or subsequent discharge. It is not disputed that Experian updated the tradeline to reflect the zero balance as the consumer had requested. The Court thus finds that Experian's reinvestigation, which included contacting the original furnisher and updating the tradeline in light of Military Star's ACDV response, was a reasonable reinvestigation of the only issues raised in the dispute letter, and grants summary judgment in favor of Experian on this claim. The Court also incorporates by reference its reasoning in <u>Caseman v. Silver State Schs. Credit Union</u>, where the Court addressed this same issue. <u>Caseman v. Silver State Schs. Credit Union</u> No. 2:17-cv-00140-RFB-PAL, 2018 WL 3630484 (D. Nev. 2018).

>        iv.    Experian's § 1681g Violation Was Not Willful and Leoni Has Failed

to Show Actual Damages, Emotional Distress Damages, or Out-of-Pocket Expenses.

The Court finds as a matter of law that, while Experian did violate 1681g(1)(a), Experian's violation was not willful. To show willfulness and be granted statutory damages under the FCRA, a consumer must show that a defendant knowingly or recklessly violated the FCRA. Shaw, 891 F.3d, at 760. A court may find that a defendant has behaved recklessly when the defendant's "action both is 'a violation under a reasonable reading of the statute's terms' and 'shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" Shaw, 891 F.3d at 760 (internal citations omitted). The Court finds that Experian's conduct regarding the reporting of the "included in Chapter 13 Bankruptcy on Nov 08, 2016" tradeline cannot meet this standard. Leoni has failed to show that Experian's policies either violated a reasonable reading of the statutory requirements of section 1681g or that its risk of violating the law was substantially greater than the risk of a reading of the law that was merely careless.

Next the Court considers whether Leoni suffered any actual damages pursuant to section 1681o of the FCRA. To prove actual damages based on a statutory FCRA violation, a party must show that a causal relationship exists between the violation and an adverse credit action. Guimond, 45 F.3d at 1332–33. The Court concludes that Leoni has not made this showing.

While Leoni can undoubtedly show that his bankruptcy has resulted in him experiencing adverse credit actions, Leoni has not shown that the "included in Chapter 13 Bankruptcy on Nov 08, 2016" bankruptcy tradeline, which listed the wrong date on which the petition was filed, was *a* factor in any adverse credit decisions, let alone a substantial factor. Leoni Dep. 157:18 – 172:25, ECF No. 98-1 (deposition testimony of David Leoni describing various attempts to apply for credit). Leoni has also submitted no evidence of anything other than conclusory recitals of emotional distress. In response to Experian's questions about emotional distress, Mr. Leoni admitted in deposition testimony that any distress he feels comes from the bankruptcy being listed on his credit report, rather than the incorrect date listed on the Military Star tradeline specifically. Leoni Dep. 159:22 – 160:10, ECF No. 98-1 .

Finally, Leoni has failed to allege any out-of-pocket expenses other than pre-litigation costs. See Leoni Dep. 149:25 – 152:22, ECF No. 98-1 (describing how Leoni took time off from work to go his attorneys' office). Because no reasonable factfinder could find in favor of Leoni on the question of damages, the Court awards Leoni no damages.

    c. <u>Class Certification</u>

Leoni has also filed a motion for class certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). For the following reasons, this Court denies Plaintiff's Motion for Class Certification in its entirety.

    i. <u>Discussion</u>

Plaintiff specifically seeks to certify the class under Fed. R. Civ. P. 23(b)(3), which certifies classes in which the "court finds that the questions of law or fact common to class members predominate over any question affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements of 23(b)(3) are also called the "predominance" and "superiority" requirements of 23(b)(3). <u>Zinser v. Accufix Research Inst., Inc.</u>, 253 F.3d 1180, 1189 –93 (9th Cir. 2001). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." <u>Id</u>. at 1189 (internal citations omitted). When considering whether a class action is the superior device to use to resolve a dispute, the Court should consider: 1) the interest of each member in "individually controlling the prosecution or defense of separate actions"; 2) "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; 3) " the desirability or undesirability of concentrating the litigation of the claims in the particular forum," and 4) "the difficulties likely to be encountered in the management of the class action." Fed. R. Civ. P. 23(b)(3)(A) – (D). "[W]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." <u>Zinser</u>, 253 F.3d at 1192.

Leoni has failed to show that he can meet either the predominance or superiority requirements of Rule 23(b)(3). To successfully make out 1681g disclosure claims, each class member would have to show that the 1681g(1)(A) disclosure contained information that would *also* be contained in a consumer report, pursuant to Shaw. Shaw v. Experian Info Sols. Inc., 891 F.3d 749, 760 (9th Cir. 2018). Named plaintiff Leoni met this requirement because the section 1681g disclosure he received was sent in response to a dispute letter, thus rendering it a consumer report pursuant to the requirements of section 1681i(a)(6)B(ii). However, whether that same finding applies to other class members requires individualized determinations for which common questions of fact would not predominate and for which use of the class action device would not be the superior method of adjudication. For this reason, class certification is denied.

        d. Motions to Seal

In light of the voluminous amounts of sensitive information included in this case, including Leoni's social security number and financially sensitive information and Experian's confidential policy and procedure manuals, the Court grants all pending motions to seal in this matter.

        e. Objection to the Court's October 9, 2019, Order and Motion to Strike Dismissed as Moot

Because the Court's rulings on the summary judgment motions in this case are dispositive and foreclose further discovery in this matter, Plaintiff's Appeal of the Court's October 9, 2018 order is denied as moot, as is Plaintiff's Motion for leave to submit supplemental evidence, and Plaintiff's Motion to Strike Experian's Reply in Support of its Motion for Summary Judgment. ECF Nos. 89, 119, 125.

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 98) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** Defendant's Motion for Summary Judgment (ECF No. 100) is GRANTED in part and DENIED in part.

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification (ECF No. 94) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant's Motions to Seal (ECF Nos. 92, 96, 100, 103, 114, 117) are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Appeal of the October 8, 2019 order (ECF No. 89) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to Submit Supplement Evidence (ECF No. 125) and Motion to Strike (ECF No. 119) are DENIED as moot.

DATED: September 26, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**